Oelrichs v. Spain, 15 Wall. 211, 228 [21 L. Ed. 43]; Freeman on Judgments, §§ 449, 500. Nor do we think that the contention that for the Circuit Court of the United States to grant such relief would be to interfere with the jurisdiction of the state court, is well founded. Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565]; Johnson v. Waters, 111 U. S. 640 [4 Sup. Ct. 619, 28 L. Ed. 547]; Arrowsmith v. Gleason, 129 U. S. 86 [9 Sup. Ct. 237, 32 L. Ed. 630]."

Upon the record here presented we are of opinion that a case was made out for setting aside the judgment in the ejectment suit, and it follows that the decree dismissing the bill should be reversed.

Reversed.

---

### GLOVER et al. v. GLOVER et al.

#### (Circuit Court of Appeals, Fourth Circuit. May 2, 1916.)

#### No. 1429.

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Suit between Francis St. Clair Glover and others and Eunice Glover and others. From a decree for the latter, the former appeal. Affirmed.

W. B. Gruber, of Walterboro, S. C., and James Simons, of Charleston, S. C. (Howell & Gruber and Fishburne & Fishburne, all of Walterboro, S. C., Edward W. Hughes, of Charleston, S. C., and Claude E. Sawyer, of Aiken, S. C., on the brief), for appellants.

George F. Von Kolnitz, of Charleston, S. C., George F. Von Kolnitz, Jr., of Spartanburg, S. C., and J. M. Moorer, of Walterboro, S. C. (Padgett & Moorer, of Walterboro, S. C., on the brief), for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. By stipulation the questions involved in this case are decided by the opinion filed in No. 1406, Glover et al. v. Bradley et al., 233 Fed. 721, —— C. C. A. ——.

Affirmed.

---

### In re VIDAL.

#### In re RAMIREZ-QUIÑONES.

#### (Circuit Court of Appeals, First Circuit. May 23, 1916.)

#### No. 1148.

1. BANKRUPTCY ☞350—STATUTES—CONSTRUCTION—STATES—"STATE."

Under Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (Comp. St. 1913, § 9648), declaring that debts owing to any person, who by the laws of the states or the United States is entitled to priority, shall have priority and be paid in full out of the bankrupt estate, the word "state," in view of section 1, cl. 24 (section 9585), declaring that it shall include territories, includes Porto Rico, and so one entitled to priority by Porto Rican laws is entitled to priority under the Bankruptcy Act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.

For other definitions, see Words and Phrases, First and Second Series, State.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes